## WILSON *v.* HENDRIX.

[87 South. 645. No. 21692.]

BASTARDS. *Instruction limiting consideration to intercourse by defendant held erroneous under evidence.*

In a bastardy case it is error to instruct the jury that the "sole and only question in this case is whether or not the defendant had intercourse with the prosecutrix at or near the proper time which in the course of nature would or might make him the father of her child," when there was evidence to support the theory that another man had probably had intercourse with the prosecutrix within the period of gestation.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHERREE, Judge.

Bastardy proceedings by Marvella Hendrix against Archie Wilson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*R. J. Cochran,* for appellant.

The second and third instructions tell the jury that if they believe from a preponderance of the evidence that the

appellant had intercourse with appellee, at or near the proper time which in course of nature would or might make him the father of her child, then it is the duty of the jury to return a verdict for the prosecutrix.

This instruction simply authorized the jury to make a guess as to whether the defendant was guilty or innocent. If these instructions declare the law, they would also be the law if a half dozen other men were having intercourse with the prosecutrix at the same time, and each of them was tried just as appellant had been tried.

The fourth instruction is more erroneous than either the second or the third. It tells the jury that if they believe from a preponderance of the evidence that the defendant Archie Wilson, had intercourse with Marvella Hendricks at or near the time when from the evidence the child must have been conceived, and that he is probably the father of the child, then it is the sworn duty of the jury to find for the prosecutrix.

We say that a fair understanding and analysis of the record in this case will lead an unprejudiced mind to the conclusion that the defendant is innocent, and that the burden that the jury has fixed upon him is wrong and unjust, and in view of the vicious instructions which were granted appellee by the court, we earnestly ask the court to reverse the finding of the court below.

*F. K. Ethridge,* for appellee.

The first and most serious ground urged by the appellant for reversing this case is because the court erred in granting instructions two, three and four for appellee. We submit that if the court erred in granting said instruction that said errors were cured by the instruction by the court for the appellee which told the jury: "The court charges the jury for the defendant that the burden is on the plaintiff Marvella Hendricks to prove by a preponderance of the evidence that the defendant is the father of her child, and if the jury believes from the evidence that

the plaintiff has failed to meet that burden then it is the sworn duty of the jury to find for the defendant." We submit, however, the court was not in error in granting these instructions, because this court has held in the case of *Sidney Johnson* v. *Katie Lou Walker,* 86 Miss. 757 to 768: "It is only material that the defendant had intercourse with her at or near the proper time which, in the course of nature might have made him the father of the child."

The instructions complained of simply told the jury, taken with the instruction above quoted for the appellant, that if they believed from a preponderance of the evidence that the appellant had intercourse with Marvella Hendricks at a time which within the course of nature might have made him the father of the child as decided by this court, then they should so find and fix the amount of the support of the child at whatever sum from the testimony might appear to them to be reasonable until the child should have reached the age of eighteen years. The jury was not authorized under the instructions to guess as to whether or not the defendant Archie Wilson was the father of the child . . . They were sworn when they were empanneled to decide on the testimony as adduced on the trial and to apply the law as given them by the court. It is not presumed that a jury of good and lawful men are going out into the realms of conjecture and supposition but will be guided and governed solely and exclusively by the law as given them by the court. There is no testimony that the appellee Marvella Hendricks had had intercourse with other men at or near the period of gestation. If the testimony of Mattie Thames could be taken as indicating such, the jury who saw the witness upon the stand, heard statements, observed her manner and demeanor on the stand, and heard the testimony of the other witnesses denying such testimony, we submit that this jury are the best judges of the weight, worth and credibility of the witness' testimony, and they certainly found adversely thereto.

SAM C. COOK, P. J., delivered the opinion of the court.

The appellee instituted this suit in the circuit court of Lauderdale county. The suit is commonly known as a bastardy suit. The plaintiff was a colored damsel and estimated variously to tip the scales from three hundred to three hundred fifty pounds.

According to the version of the plaintiff the bastard was begotten in a buggy. The learned counsel for the defendant insists that the story of the plaintiff is contrary to human experience and was physically impossible. Fortunately, we are not necessarily required to decide between the conflicting theories of learned counsel, neither of whom qualified as experts.

There was evidence which would warrant the conclusion that the prosecutrix was not a chaste woman at the time the bastard was begotten, but, to the contrary, within the period of gestation another man had such associations with the plaintiff as would warrant the belief that the woman was not chaste, and if the jury believed this evidence, they would be warranted in believing that the plaintiff had not made out such a case as to warrant a verdict in her behalf.

We refrain from going into the salacious details. In this state of the record the court, at the request of the plaintiff, instructed the jury as follows:

"The court charges the jury for plaintiff that while the law places upon her the burden of proving her case by a preponderance of the testimony, this does not mean that she must prove to a moral certainty and beyond every reasonable doubt that Archie Wilson is the father of the child, but if the plaintiff has shown by a preponderance of the testimony that the defendant had intercourse with her at a time which within the course of nature he would or might be the father of her child, then it is your sworn duty to find for the plaintiff in such sum as may be necessary to support said child not to exceed the amount sued for.

"The court charges the jury for the plaintiff that the sole and only question in this case is whether or not the defendant had intercourse with the prosecutrix at or near the proper time which in the course of nature would or might make him the father of her child, and if you so believe from a preponderance of evidence, then it is your sworn duty to find for the plaintiff in such sum, not to exceed the amount testified to, as to you may seem necessary for the support and maintenance of said bastard child until it shall reach the age of eighteen years."

These instructions were peremptory instructions for the plaintiff and should not have been given.

*Reversed and remanded.*